UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
DAVID FALLEN,

                       Plaintiff,

      -against-                                     25-cv-3044 (MMG)

EISNER ADVISORY GROUP,

                       Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CHRIS OULLETTE,

                       Plaintiff,

      -against-                                     25-cv-3069 (LAK)

EISNER ADVISORY GROUP,

                       Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
HANNAH WATZKA,

                       Plaintiff,

      -against-                                     25-cv-3081 (JGK)

EISNER ADVISORY GROUP,

                       Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
TIMOTHY RUSHING,

                       Plaintiff,

      -against-                                   25-cv-3102 (JSR)

EISNER ADVISORY GROUP,

                       Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER**

LEWIS A. KAPLAN, *District Judge*.

2

The plaintiffs in these four cases – all of which have been assigned to different judges – have moved in the one assigned to me to consolidate all four cases and to appoint interim lead counsel. While they may have intended to file the same motion in the other three cases, they have not done so. The motion does not appear on the docket sheets in any of them. The *de facto* effect of their actions, whether intended or simply a mistake, is to have selected one of four judges now presiding over these cases to rule on the issues raised by their motion without even notice of the other potentially affected judges.[1] This, at least to the undersigned, is not an appropriate means of proceeding.

The appropriate means of seeking to have "related" civil cases assigned to a single judge is spelled out in Rule 13 of the Court's Rules for the Division of Business Among District Judges which are available on the Court's web site.

In the circumstances, the pending motion (25-cv-3069 (LAK)) Dkt 6 is denied without prejudice to renewal either to a single judge to whom all of these cases may be assigned (should that occur) or, if no single judge ultimately is assigned, to such of the assigned judges as may be appropriate. Moreover, this Court implies no view as to whether some or all of these cases are or are not "related" within the meaning of Rule 13.

SO ORDERED.

Dated:     April 22, 2025

                                         /s/    Lewis A. Kaplan
                                         Lewis A. Kaplan
                                         United States District Judge

---

[1] The captions of the cases that are not assigned to me are listed to facilitate the docketing of this order in all four cases, not as an exercise of authority with respect to cases assigned to others.